**GADOSIK, Plaintiff, v. KOLAR, Defendants.**

Common Pleas Court, Summit County.

No. 169095. Decided September 15, 1950.

Foust & Holden, Paul E. Weimer, Akron, for plaintiff.
Edward Raab, Akron, for defendants.

## OPINION

By. WATTERS, J.

Plaintiff owns a farm adjoining that of the defendant, Steve Kolar. The defendant, Andrew Kolar, is Steve's brother, and at the times in question here, particularly the year 1948 and now, raised a large number of geese on Steve's farm, where both defendants live. The geese are raised by Andrew as a business, and number as high as five hundred or more.

The evidence shows that the defendant Steve, who owns the farm, has no connection with the geese. They are owned by Andrew and are under his control.

During the year 1948 Andrew's geese went upon the plaintiff's lands adjoining, and destroyed large quantities of wheat and corn.

In the court's opinion the plaintiff has not proven by a preponderance of the evidence any cause of action against

Steve Kolar, and he is dismissed from this action with exceptions to the plaintiff.

In the court's opinion the evidence shows that there was no partition fence in the sense contemplated by §5908 GC, which I will cite and discuss later.

Furthermore, in the court's opinion this statute (§5908 GC) would not apply as between plaintiff and Andrew Kolar, as Andrew Kolar does not own the adjoining farm.

In the court's opinion, from the preponderance of the evidence, the defendant, Andrew Kolar, was guilty of negligence in allowing his geese to go upon plaintiff's lands and (proximately) destroying his wheat and corn, and there is no evidence of contributory negligence on the part of plaintiff.

Sec. 5908 GC is as follows:

"The owners of adjoining lands shall build, keep up and maintain in good repair in equal shares all partition fences between them, unless otherwise agreed upon by them in writing and witnessed by two persons. The fact that any land or tract of land is wholly unenclosed or is not used, adapted or intended by its owner for use for agricultural purposes shall not excuse the owner thereof from the obligations imposed by this chapter on him as an adjoining owner. This chapter shall not apply to the enclosure of lots in municipal corporations or of lands laid out into lots outside of municipal corporations, or affect any provision of law relating to fences required to be constructed by persons or corporations owning, controlling or managing a railroad."

Sec. 5910 GC is as follows:

"Duty of township trustees in controversies over partition fences. When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the trustees of the township in which such land or fence is located. Such trustees, after not less than ten days' written notice to all adjoining land owners of the time and place of meeting, shall view the fence or premises where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him so as to be good and substantial."

Sec. 5919 GC, in the chapter covering Fences provides:

"In this chapter, the term 'owner' shall apply to the owner of such land in fee simple, of estates for life or of rights of way * * *."

So although the plaintiff would come under §5908 GC, etc. it surely would not apply to the defendant, Andrew Kolar, whose relationship to the owner, Steve Kolar, was really that of licensee.

Further, as I stated before, there was no partition fence in the sense contemplated by these statutes at the time in question. It was not until after the damage was done that the matter was brought before the township trustees who ordered each owner to build and maintain a partition fence, which has been done, and which the evidence shows has eliminated the difficulty.

In the case of **Phelps v. Cousins, 29 Oh St, 135,** is the following language in substance:

"If the owner of a partition fence **fails to keep the part which has been assigned to him in repair,** and by reason of such failure, stock from an adjacent enclosure enters upon his land and does damage there, such owner cannot recover for such damage."

This clearly was a case where there was a partition fence in existence, and the duty to keep up a certain part had been assigned to each owner by oral agreement between them.

The same was true in King v. Nicholson, 31 O. D. (Nisi Prius) 120, cited by the defendants. There there was an oral agreement between the adjacent owners to keep the partition fence in repair jointly or in common, although no particular half was assigned to each owner.

In that case plaintiff's cattle went through a defect in the joint fence and ate spoiled matter on the defendant's land. The court held that plaintiff could not recover because it was plaintiff's duty to keep up the fence jointly with the defendant.

Attention is called also to §5809 GC in substance as follows:

"A person * * * being the owner * * * of horses, mules, cattle, sheep, goats, swine, dogs or **geese,** shall not permit them to run at large in the public road * * *, or upon uninclosed land * * *."

Sec. 5816 GC is in substance as follows:

"The owner * * * of an animal described in §5809 GC, who permits it to run at large in violation thereof, shall be liable for all damages caused by such animal upon the premises of another, without reference to the fence which may enclose such premises * * *."

See also **Drew v. Gross, 112 Oh St 485,** and also **Pflugfelder v. Convent, etc., 55 Oh Ap 158.**

It is interesting to note that the above cases were not brought under any of the statutes we have discussed herein, as to fences or animals, but they were both brought as ordinary negligence cases—the failure to exercise ordinary care. Both stressed the fact that owners of animals are presumed

to know and to anticipate the probable and usual conduct of their animals.

Although the situation is apparently remedied now, the plaintiff is entitled to a permanent injunction against the defendant, Andrew Kolar, to keep his geese off plaintiff's lands.

The claim for damage to clover will not be considered as not pleaded.

The court finds that as a proximate result of the continued negligence of the defendant, Andrew Kolar, plaintiff's wheat and corn damage was Five Hundred Dollars, for which amount plaintiff shall have judgment against said defendant only, with exceptions to both sides.